IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN SMITH,<br>         Plaintiff,<br><br>         v.<br><br>DOC AT HOUTZDALE et al.,<br>         Defendants. | )<br>)<br>)<br>)   Civil Action No.  06-38J<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that plaintiff's motion to proceed in forma pauperis (Docket No. 1) be denied and that the above-captioned case be dismissed for plaintiff's failure to prosecute.

II.   Report

Plaintiff, Edwin Smith, an inmate incarcerated at the State Correctional Institution at Houtzdale, has submitted a motion for leave to proceed in forma pauperis to prosecute a civil rights complaint against defendants, various medical personnel at the institution under the provisions of 42 U.S.C. § 1983.

On March 2, 2006, an order was entered (Docket No. 2), directing Plaintiff to provide the Court with the complaint on the proper § 1983 forms, service copies of the complaint and related paperwork and an inmate accounting statement for the prior six-month period.  On April 10, 2006, an order was entered (Docket No. 3), directing Plaintiff to submit these documents by April 30, 2006 or to show cause why the case should not be dismissed.  On April 26, 2006, Plaintiff filed a motion for extension of time (Docket No. 4), which was granted.  He was given

until May 31, 2006 to file the documents (Docket No. 5).  To date, he has not done so.

In forma pauperis status cannot be granted without the listed documents, especially the inmate accounting statement for the prior six-month period.  Therefore, the motion to proceed in forma pauperis should be denied.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him.  Such compliance was not only Plaintiff's sole personal responsibility, <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to file the listed documents even after the Court ordered him to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by the plaintiff's

failure to comply with this Court's orders – the case cannot proceed until the Plaintiff submits the listed documents and therefore his failure to do so causes the defendants prejudice.  Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Emerson, 296 F.3d at 191.  Thus, dismissal appears to be the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed as to the moving defendants since no other sanctions will serve justice.

For these reasons, it is recommended that plaintiff's motion to proceed in forma pauperis (Docket No. 1) be denied and that the above-captioned case be dismissed for plaintiff's failure to prosecute.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    s/Robert C. Mitchell
    ROBERT C. MITCHELL
    United States Magistrate Judge

Dated: June 20, 2006

cc:    Edwin Smith
       FX-0156
       SCI Houtzdale
       P.O. Box 1000
       Houtzdale, PA 16698-1000